UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MAYNOR MACHADO,** | Civil Action No. 16-4236 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **CHARLES L. GREEN,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Maynor Machado, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 2), the Government filed a response to the Petition. (ECF No. 4). Petitioner did not file a reply brief. For the following reasons, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Maynor Machado, is a native and citizen of Honduras. (Document 6 attached to ECF No. 4 at 3-4). He entered this country at or near Hidalgo, Texas, in 2008 and thereafter became a lawful permanent resident of the United States. (*Id.* at 5). In September 2014, however, Petitioner was convicted of aggravated assault in the Superior Court of New Jersey, Union County. (*Id.* at 6). Petitioner was thus taken into custody by immigration officials and placed into removal proceedings in November 2015 following an October 1, 2015, Notice to Appear. (ECF No. 4 at 6). On April 12, 2016, an immigration judge ordered Petitioner removed to Honduras. (Document 6 attached to ECF No. 6 at 5-15). Petitioner appealed that decision, and the Board of Immigration Officials (BIA) dismissed his appeal on August 1, 2016. (*Id.* at 3-4). On or about June 19, 2016,

1

Petitioner filed his current habeas petition alleging that his continued detention without a bond hearing violated his Due Process rights. (ECF No. 1).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner contends that his continued detention pending removal without a bond hearing violates Due Process. In order to examine that claim, this Court must first determine the current statutory basis for Petitioner's detention. While 8 U.S.C. § 1226(c) governs the detention of aliens who have been convicted of a crime prior to their receipt of a final order of removal, that statute no longer applies once an alien is issued a final order. Upon the issuance of a final order of removal, an alien enters a statutory 90 day removal period during which the Government is required by law to detain the alien. *See* 8 U.S.C. § 1231(a)(2); *see also* 8 U.S.C. §

1231(a)(1)(B)(ii). Thus, once an alien is subject to a final order of removal, his detention is governed by § 1231 unless and until he seeks review by the Court of Appeals and is granted a stay of removal. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). Here, Petitioner received a final order of removal on August 1, 2016, when the BIA dismissed his appeal, and has apparently not sought review or a stay of removal from the Court of Appeals. He therefore entered the statutory removal period at that time. 8 U.S.C. § 1231(a)(1)(B)(1).

Because Petitioner is subject to a final order of removal and has not sought review and been granted a stay by the Court of Appeals, the propriety of his detention is controlled by the Court's decision in *Zadvydas*. In *Zadvydas*, the Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal throughout the ninety day removal period. 501 U.S. at 683. The Court further held that the statute permits the Government to detain aliens beyond that ninety days so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these two determinations, the *Zadvydas* Court held that an alien may be held under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of Due Process. *Id.* at 701. Thus, where a removable alien has been detained for less than six months following the entry of a final order of removal, his challenge must be denied as premature. *Id.* Indeed, even after the presumptively reasonable six months has passed, an alien will only be entitled to relief where he can "'provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,'" after which the Government would be required to rebut that evidence to warrant further detention. *See Alexander v. Att'y Gen.,* 495 F. App'x 274, 276 (3d Cir 2012) (quoting *Zadvydas*, 533 U.S. at 701).

In this matter, Petitioner was ordered removed, and the BIA dismissed his appeal of that order on August 1, 2016.  As such, Petitioner entered into the statutory removal period on August 1, and his detention must be presumed to be reasonable until at least six months have passed from that date.  As it has been just over three months since the entry of Petitioner's final order of removal, Petitioner's habeas petition is premature at this time and must therefore be denied without prejudice at this time.  *Zadvydas*, 501 U.S. at 701.

**CONCLUSION**

For the reasons expressed above, this Court will deny Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice as premature.  An appropriate order follows.


Dated: November 21, 2016                    *s/ Susan D. Wigenton*
                                            Hon. Susan D. Wigenton,
                                            United States District Judge